United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NIMER SHIHEIBER,<br>    Plaintiff,<br>v.<br>SFPD, et al.,<br>    Defendants. | Case No. 21-cv-00609-JCS<br><br>**ORDER TO SHOW CAUSE AND CONTINUING APRIL 23, 2021 CASE MANAGEMENT CONFERENCE** |

Having granted Plaintiff's request to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1), the Court is required to review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether any claims are subject to dismissal on the basis that they: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Here, Plaintiff alleges in his complaint that he was unlawfully searched, detained and subjected to excessive force in violation of his rights under 42 U.S.C. § 1983 and the Fourth Amendment. He names as a defendant San Francisco Police Department ("SFPD") Officer Hernandez, who he alleges detained him and subjected him to excessive force, as well as other officers involved in the incident whose identities he does not know (Does 1-50). He also names SFPD as a defendant and lists the City of San Francisco as a defendant in the caption of his complaint.

While Plaintiff has sufficiently alleged his claims as to Officer Hernandez and the Doe defendants, his claims as to the SFPD and the City of San Francisco do not meet the requirements of 28 U.S.C. § 1915(e)(2)(B). First, SFPD is not a proper defendant under 42 U.S.C. § 1983, which permits the assertion of civil rights claims only against a "person" who acted under color of

state law. Individual officers are considered "persons" within the meaning of § 1983, as are local governmental units, such as cities or counties. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989). However, municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of § 1983. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-96 (N.D.Cal.1996) (holding that "naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality," and dismissing the Santa Clara Department of Corrections from the action). Therefore, Plaintiff fails to state a claim as to the SFPD.

Second, although the City of San Francisco may be sued under § 1983, there is no vicarious liability under that statute, meaning that it can be held liable for constitutional violations arising from the conduct of its officers only if that conduct is the result of an official custom or policy of the City of San Francisco. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)("it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Because Plaintiff has not alleged any official custom or policy was the cause of the alleged violations of his Fourth Amendment rights, he fails to state a claim as the City of San Francisco.

Accordingly, no later than **April 30, 2021**, Plaintiff must do one of the following: he may file an amended complaint curing the deficiencies stated herein, that is, dropping SFPD as a defendant and either dropping the City of San Francisco as a defendant or adding facts to support the existence of a policy or custom that led to the alleged civil rights violations to support his claims against the City of San Francisco; alternatively, he may file a response to this Order addressing why the claims asserted against the SFPD and the City of San Francisco alleged in his current complaint are sufficient. If Plaintiff does not respond to this Order by April 30, 2021, the case will be reassigned to a United States district judge with a recommendation that the claims against SFPD and the City of San Francisco be dismissed and the claims against Officer Hernandez and the Doe defendants be permitted to go forward. The case management conference previously set for **April 23, 2021 at 2:00 p.m**. is continued to **August 27, 2021 at 2:00 p.m.**

1   Any amended complaint must include the caption and civil case number used in this order
2   (21-cv-00609) and the words FIRST AMENDED COMPLAINT on the first page.  Because an
3   amended complaint completely replaces the previous complaint, any amended complaint may not
4   incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must
5   include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to
6   sue.

7   Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro
8   Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses
9   for assistance.  Appointments, which are currently being conducted by telephone or video-
10  conference due to the health emergency, can be made by calling (415) 782-8982 or emailing
11  federalprobonoproject@sfbar.org.  Lawyers at the Legal Help Center can provide basic assistance
12  to parties representing themselves but cannot provide legal representation.

13  **IT IS SO ORDERED.**

15  Dated: March 16, 2021

16  _____
17  JOSEPH C. SPERO
    Chief Magistrate Judge

3