UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NIMER SHIHEIBER,<br>　　　　Plaintiff,<br>　v.<br>BRETT HERNANDEZ,<br>　　　　Defendant. | Case No. 21-cv-00609-JCS<br><br>**ORDER DENYING MOTION FOR LEAVE FOR MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 116 |

Defendant has filed a Motion for Leave to File a Motion for Reconsideration ("Motion") asking the Court for leave to bring a motion to reconsider its ruling at the October 20, 2023 pretrial conference that Plaintiff adequately asserted a federal false arrest claim in the operative complaint and therefore may proceed with that claim at trial.

Defendant relies on Civil Local Rule 7-9(b)(3), providing that a motion for reconsideration may be permitted where there is "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Defendant's argument fails for two reasons. First, the argument Defendant now makes – that he could have defended against a false arrest claim based on the fact that Plaintiff committed parking violations in front of him and therefore he had probable cause to make a discretionary arrest under *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) – was *not* presented to the Court before it made it's ruling, although the Court offered Defendant's counsel an opportunity at the pretrial conference to address whether Plaintiff should be permitted to assert a false arrest claim at trial. In particular, the undersigned told Mr. Hannalwalt that he would be "happy to take argument" on this question and Mr. Hannawalt expressly declined to make any argument.

Nor was it a surprise that this issue came up at the pretrial conference, as Defendant raised

it twice in his pretrial papers (in his trial brief and in opposing Plaintiff's proposed jury instruction for false arrest) and Plaintiff responded in his trial brief. While that brief was, admittedly, filed late, it was filed four days before the pretrial conference and included a lengthy discussion of why the false arrest claim was adequately asserted in the operative complaint. Defendant, therefore, had no reason *not* to expect that this issue would come up at the pretrial conference and it is entirely reasonable for the Court to find that he waived any argument on this question when he declined to argue the question.

Second, even if the argument in the Motion had been raised at the pretrial conference, it misses the mark. The question before the Court was whether the Plaintiff, who was representing himself when the Second Amended Complaint was filed, sufficiently asserted the false arrest claim in his Second Amended Complaint. It was not whether Defendant, if he had *understood* that the claim was being asserted, might have had a viable defense to that claim on summary judgment. Defendant does not make any argument at all in the Motion addressing the Court's conclusion that it was apparent in the Second Amended Complaint that Plaintiff was asserting both an unlawful detention claim and a false arrest claim.

Furthermore, the Court finds no reason to reconsider its conclusion on that question. As Plaintiff pointed out in his trial brief, while the elements of a claim for an unreasonably prolonged detention and an unlawful arrest are somewhat different, the theories are closely related. That is particularly true under the facts of this case, where the detention may (or may not) have ripened into an arrest requiring probable cause. Indeed, it is apparent from Defendant's summary judgment motion that counsel understood the close relationship between the two theories, asserting that Defendant was entitled to summary judgment on the unlawful detention claim because Plaintiff, after being lawfully detained on the basis of the traffic infraction the Officers witnessed, had resisted the pat-down, giving rise to probable cause to arrest for resisting arrest. *See* dkt. no. 49 at 3. Moreover, in the Second Amended Complaint Plaintiff complained of being held in handcuffs in the squad car for 30 minutes without "warranted cause." As Defendant has repeatedly referred to this detention as an arrest and relied on evidence that Plaintiff was resisting arrest to defeat Plaintiff's unlawful detention claim, his argument that it is unfair to allow Plaintiff

to proceed with his false arrest claim at trial rings hollow.

That said, Defendant has not waived his argument on the merits that because he witnessed the traffic stop, he had probable cause to arrest Plaintiff, thus defeating Plaintiff's false arrest claim. **The Court will consider that question at the November 3, 2023 pretrial conference, though it may or may not decide the issue at that time. The parties should be prepared to address the merits of Defendant's defense to the false arrest claim and the implications of including this claim at trial for the conduct of the trial.**

The Motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 27, 2023

JOSEPH C. SPERO
United States Magistrate Judge